UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   <u>For Online Publication Only</u>
THE TRAVELERS INDEMNITY COMPANY OF
AMERICA,

                                                     Plaintiff,      **ORDER**
                                                                              21-CV-1828 (JMA) (JMW)

     -against-

SOUTHWEST MARINE AND GENERAL INSURANCE
COMPANY,

                                                  Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

On April 5, 2021, Plaintiff The Travelers Indemnity Company of America ("Plaintiff") commenced this action against Defendant Southwest Marine and General Insurance Company ("Defendant"). Plaintiff seeks a declaratory judgment from this Court that Defendant owes a duty to defend non-parties VRD Contracting, Inc. ("VRD"), Shoreham-Wading River Central School District (the "District"), and Park East Construction Corp. ("Park East" and collectively, the "Additional Insureds") in an underlying personal injury action filed by Claimant William Claesen (the "Claimant") in the Supreme Court of the State of New York, Suffolk County (the "Underlying Action").

Plaintiff's Complaint arises out of the parties' dispute over the responsibility to defend the Additional Insureds in the Underlying Action. On October 25, 2016, Plaintiff issued a Commercial General Liability and Employee Benefits Liability coverage policy (the "Travelers Policy") to VRD for the policy period of October 18, 2016, to October 18, 2017. (ECF No. 24 ("R&R"), at 3.) The Travelers Policy generally provides coverage for accidental bodily injury sustained during the policy period. (R&R at 3-4.) On September 20, 2016, Southwest issued a general liability coverage policy (the "Southwest Policy") to non-party Donninger Construction, Inc.

("Donninger") for the policy period of September 14, 2016, to September 14, 2017. (R&R at 4.) The Southwest Policy generally provides coverage for accidental bodily injury sustained during the policy period and contains an "additional insured" endorsement (the "Southwest AI Endorsement") listing, under Name Of Additional Insured Person(s) Or Organization(s), "BLANKET." (Id.) Moreover, the "Location(s) of Covered Operations" portion of the Southwest AI Endorsement's Schedule is blank. (Id.)

In mid-2017 – after the Travelers and Southwest Policies were in effect – VRD began working as the general contractor of a construction project at Miller Avenue Elementary School in Suffolk County, New York (the "Project"). (R&R at 7.) Park East was the Project's construction manager and the District was the owner of the Project site.[1] (Id.) At that time, non-party Certified Interiors, Inc. ("Certified Interiors") was performing work as a subcontractor of VRD at the Project site, and in turn subcontracted with Donninger for Donninger to provide spackling work at the Project pursuant to a purchase order (the "Purchase Order") dated June 5, 2017. (Id.) The Purchase Order obligated Donninger to provide $1 million per occurrence of comprehensive general liability coverage and to include the Project's "Owner" as an additional insured. (Id.) The Purchase Order does not explicitly define or name the Project's "Owner." (Id.)

On or about August 11, 2017, the Claimant – who was employed by Certified Interiors to perform carpentry work on the Project – was allegedly injured when he was hit with an object that fell from a height at the Project site.[2] (R&R at 8.) On or about July 16, 2018, Claimant filed the Underlying Action against, among others, VRD, the District, and Park East, alleging negligence

---

[1] In the Underlying Action, the Project's superintendent, Clinton Mellas, testified that he was responsible for reporting "back to the owner, which is the school district, in the progression of the project." (R&R at 7.) Further, the Standard Form of Agreement Between Owner and Contractor, as between VRD and the District, that Plaintiff received during its underlying investigation identifies the District as Owner and VRD as the Contractor. (Id.)

[2] Claimant testified at his deposition in the Underlying Action that he was injured at the Project site when a bucket of spackle fell from a scaffold he was moving and struck his head, neck, and back; an incident report from Certified Interiors corroborates this testimony. (R&R at 8.)

2

and violation of the New York Labor Law in connection with the August 11, 2017 incident. (Id.) On July 24, 2018, Claimant filed an Amended Complaint in the Underlying Action, adding Donninger as a defendant and alleging that he was injured when an object fell off a scaffold, striking him.[3] (Id.) On July 23, 2018, Travelers tendered to Donninger by email. (R&R at 9.) By letter dated August 2, 2018, Prosight, on behalf of Southwest, advised Travelers that it was investigating the claim. (Id.) Travelers followed up with Prosight in August and October 2018 and continued to do so through October 2020. (Id.) Southwest denied the tender on November 18, 2020, and Travelers commenced the instant action on April 5, 2021. (Id.)

After both parties moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, (ECF Nos. 20, 21), the Court referred the motions to Magistrate Judge James M. Wicks for a report and recommendation ("R&R"). (Electronic Order dated Nov. 23, 2022.) Now before the Court are Defendant's objections to Magistrate Judge Wicks's R&R, which recommends that the Court grant Plaintiff's partial motion and deny Defendant's cross-motion. (ECF Nos. 24, 26, 27.) Specifically, Judge Wicks recommended that Plaintiff be granted an Order declaring that: (i) Defendant is obligated to defend the Additional Insureds in the Underlying Action; (ii) Defendant's duty to do so is primary and non-contributory to any defense available to the Additional Insureds from Travelers with respect to the Underlying Action; and (iii) Plaintiff's defense obligations toward the Additional Insureds are excess to those of Defendant with respect to the Underlying Action. (See R&R.) Judge Wicks further recommended that the Court set a deadline for the parties to file submissions concerning defense costs and Plaintiff's requested fees, and further schedule an inquest on defense costs if necessary. (Id.) After conducting a review of the full record (including the motion papers, R&R, and objections) and applicable law, the Court adopts Magistrate Judge Wicks's R&R in its entirety as the opinion of the Court.

---

[3] Travelers has defended and continues to defend the Additional Insureds in the Underlying Action.

3

In reviewing a magistrate judge's report and recommendation, a court must "make a <u>de novo</u> determination of those portions of the report or…recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> United States ex rel. Coyne v. Amgen, Inc., 243 F. Supp. 3d 295, 297 (E.D.N.Y. 2017), <u>aff'd sub nom.</u> Coyne v. Amgen, Inc., 717 F. App'x 26 (2d Cir. 2017). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

The Court finds no clear error in the portions of Magistrate Judge Wicks's R&R to which there are no objections. Next, the Court turns to the portions of the R&R to which Defendant has objected. Defendant lodges two overarching objections: (1) coverage should not be owed to the Additional Insureds; and (2) to the extent the Court finds that Defendant owes such coverage, no judgment should be entered until the defense bills are provided to, and reviewed by the Court for reasonableness. (<u>See</u> ECF No. 26 ("Def. Obj.").)

Plaintiff's first objection – that Defendant should be obligated to defend the Additional Insureds in the Underlying Action – is three-pronged, namely that the R&R: (1) did not give proper weight to the Purchase Order's language, which purportedly limits Defendant's liability vis-à-vis the Additional Insureds; (2) ignores language in the Southwest AI Endorsement that purportedly limits coverage for liability caused by Donninger's acts or omissions in the performance of "ongoing operations" for the Additional Insureds; and (3) improperly found that the District "was intended to be the Owner of the project where the accident allegedly took place." (<u>See</u> Def. Obj.)

In support of its first argument, Defendant contends that the R&R erroneously found that the term "BLANKET," as used in the Southwest AI Endorsement, does not require an underlying contract for Southwest to be required to defend the Additional Insureds in the Underlying Action,

4

and that such an interpretation "subverts the parties' expectations." (Def. Obj. at 3.) The Court disagrees. Specifically, and as explained thoroughly in the R&R, it is undisputed that the Southwest Policy provides coverage for additional insureds with respect to bodily injury "caused, in whole or in part, by" the acts or omissions of Donninger or those acting on its behalf in the performance of its ongoing operations for the additional insureds, and sufficient facts support the R&R's findings that Donninger was performing spackling work at the Project at the time of the Claimant's injury. (R&R at 14-15.) Based on these findings, and Defendant's failure to demonstrate any error therein or set forth any legal or factual support for its position that the Purchase Order should be read to limit the Southwest Policy, the Court rejects the first prong of Defendant's first objection.

The second prong of Defendant's first objection is similarly meritless. Defendant next argues that adopting the R&R – and finding that the term "BLANKET" does not require a contract to provide coverage to the Additional Insureds – would "necessarily" ignore the language in the Southwest AI Endorsement which limits coverage for liability to "acts or omissions" caused by Donninger in the performance of "ongoing operations for that putative additional insured" at the location(s) designated in that endorsement. (Def. Obj. at 5-6.) This prong fails because, as set forth above, Magistrate Judge Wicks did not err in finding that Donninger was "performing operations" for the Additional Insureds when its actions caused the Claimant's injuries. (R&R at 17-20.) The Court thus rejects the second prong of Defendant's first objection.

Finally, Southwest asserts that it does not owe coverage to the District as an additional insured because the Project's "Owner" – to whom Southwest concedes that it owes coverage as an additional insured – is not defined by the Purchase Order. (Def. Obj. at 8-9.) Defendant's objection is again belied by the undisputed evidence. Indeed, as set forth in the R&R, the District was the Owner of the Project site, and the remaining Additional Insureds, as well as Certified Interiors and

5

Donninger, performed work for the District while working at the Project site. (R&R at 21-22.) Accordingly, and based on Defendant's failure to offer any evidence to the contrary, the undisputed evidence demonstrates that the District was the Owner of the Project site, and Magistrate Judge Wicks properly found that it was owed coverage by Southwest under the Southwest Policy. The Court thus rejects the third prong of Defendant's first objection.[4]

For these reasons, the Court agrees with Magistrate Judge Wicks's recommendations, and therefore adopts the R&R in its entirety as the opinion of the Court. Accordingly, Plaintiff's partial motion for summary judgment is granted and Defendant's cross-motion for summary judgment is denied. Plaintiff is granted a declaratory judgment that: (1) Defendant is obligated to defend the Additional Insureds in the Underlying Action; (2) Defendant's duty to do so is primary and non-contributory to any defense available to the Additional Insureds from Travelers with respect to the Underlying Action; and (3) Plaintiff's defense obligations toward the Additional Insureds are excess to those of Defendant with respect to the Underlying Action. Within 60 days of the issuance of this Order, the parties shall confer and provide with a joint status report summarizing any settlement discussions regarding the defense costs in the Underlying Action. If the parties are unable to reach a settlement, any future request for an inquest or review is respectfully referred to Magistrate Judge Wicks for a report and recommendation.

**SO ORDERED.**

Dated: March 30, 2023
Central Islip, New York

                                                                       /s/  (JMA)
                                                     JOAN M. AZRACK
                                                     UNITED STATES DISTRICT JUDGE

---

[4] For the reasons set forth above, Defendant's second objection is rejected to the extent it argues that Plaintiff is not entitled to an immediate declaratory judgment. Moreover, Defendant's second objection as it pertains to the matter of defense costs is mooted by the parties' apparent agreement with the R&R's recommendation that the matter of defense costs must be subject to an inquest or some other type of review.